IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Holly Becker, f/k/a Custis,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>Williams & Fudge, Inc., a South  )<br>Carolina corporation,  )<br>  )<br>  Defendant.  )  | No.  1:13-cv-244<br><br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Holly Becker, f/k/a Custis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Holly Becker, f/k/a Custis ("Becker"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to fees/tuition to Ball State University.  The debt at issue was not a student loan.

4. Defendant, Williams & Fudge, Inc. ("Williams"), is a South Carolina corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Williams was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Williams is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, records from the Indiana Secretary of State, attached as Exhibit A.  In fact, Williams conducts business in Indiana.

6. Defendant Williams is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant Williams acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. On June 15, 2011, Ms. Becker and her husband filed a Chapter 7 bankruptcy petition in a matter styled In re: Becker, S.D. Ind. Bankr. No. 11-07635-JKC-7.  Among the debts listed on Schedule F of Ms. Becker's bankruptcy petition was a debt she allegedly owed to Ball State University, see, excerpt of bankruptcy petition attached as Exhibit C.

8. Accordingly, on June 19, 2011, Williams and Ball State University were sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

9. Moreover, on November 9, 2011, Ms. Becker received a discharge from her debts and on November 11, 2011, Williams and Ball State University were sent notice of same, see, the Certificate of Service to Discharge of Joint Debtors, attached as Exhibit E.

10. Nonetheless, Defendant Williams sent Ms. Becker a collection letter, dated January 16, 2013, demanding payment of the debt she had owed Ball State University prior to the bankruptcy. A copy of this collection letter is attached as Exhibit F.

11. All of Defendant Williams' collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16. Defendant Williams' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the bankruptcy and the notices issued by that court (Exhibits D and E) told Defendant to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit F), Defendant violated § 1692c(c) of the FDCPA.

20. Defendant Williams' violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-12.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

23. Both Williams and the creditor were given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with this debt. Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on her credit report and Defendant was aware of Plaintiff's bankruptcy before it sent out the collection letter.

24. By sending a debt collection letter directly to Ms. Becker (Exhibit F), despite notice that she was represented by bankruptcy counsel in connection with this debt (Exhibits D and E), Defendant violated § 1692c(a)(2) of the FDCPA.

25. Defendant Williams' violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Holly Becker, f/k/a Custis, prays that this Court:

1. Find that Defendant Williams' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Becker, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Holly Becker, f/k/a Custis, demands trial by jury.

        Holly Becker, f/k/a Custis,

        By:/s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: February 11, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com

6